Nott, J.,
delivered the opinion of the court:
The counsel for the claimant is in error as to his statement, upon the argument of this, motion, that the ground upon which the court rendered judgment against his client was not taken by the defendants at the trial. On the contrary, a large part of *134 tbe printed brief used on behalf of the defendants is devoted to that specific objection. It quotes the letter of the Assistant Postmaster-General to the claimant out of which the supposed estoppel arose, and then says: “He was promptly and plainly told that, if he pressed this claim, the increased compensation he was then receiving would be withdrawn, and his early reply was asked, lie made no reply, but went on receiving the increased compensation, and did not again press his claim until the period of his contract had expired, and it was beyond the power of the Government to withhold what the Department had notified him it would withhold if this claim was further urged.”
It is true that the brief of the Government does not use the legal term “ estoppelbut it states, as a defense, the facts which constitute the estoppel, and then it takes the precise ground of an estoppel, namely : “ That in good conscience this claim should not be pressed and adds: “ These views are relied upon to dispose of the whole case.”
Nevertheless, it is brought to our attention that the letter out of which the estoppel arises, before alluded to, was not properly in evidence, nor in any manner shown to have been brought home to the claimant. It was, therefore, error in the court to award judgment against the claimant, based almost entirely upon that letter, his supposed receipt of it, and his implied acquiescence in its terms. The error grew out of the fact that the letter was allowed to creep into and remain upon the face of the printed record, and to form the staple of a large part of the defendants’ written argument, without notice, or comment, or explanation, or objection on the part of the claimant. Ordinarily a party thus acting could only obtain relief on the strictest terms; but in this court, where costs are not allowed, the party’s loss of interest, should he ever recover, must be regarded as his penalty for his laches.
The order of the court is, that the judgment entered in this case, on the 28th day of April, 1873, be vacated and set aside, and that a new trial be granted.
Loring-, J., did not sit at the hearing of this motion, and took no part in the decision.