Weldon, J.,
delivered the opinion of the court:
This case was referred to the court by the Committee on War Claims of the House of Representatives, and upon that reference the claimant filed a petition, alleging that “ during the late war of the rebellion, atdifferent times, there was taken from the decedent quartermaster stores and commissary supplies amounting to the sum of $840 by the forces of the United States and appropriated to the use of the Army.”
The reference of this claim by the committee was under the provisions of the act of March 3, 1883, known as the Bowman Act, and upon the provisions of that statute we must adjudge the rights of the petitioner.
This claim, being for stores and supplies, comes within the fourth section of said act:
“In any case of a claim for supplies or stores taken by or furnished to any part of military or naval forces of the United States for their use during the late war for the suppression of the rebellion, the petition shall aver that the person who furnished such supplies or stores, or from whom such supplies or stores were taken, did not give any aid of comfort to said rebellion, but was throughout that war loyal to the Government of the United States, and the fact of such loyalty shall be a jurisdictional fact.
“ And unless the said court shall, on a preliminary inquiry, find that the person who furnished such supplies or stores, or from whom the same were taken as aforesaid, was loyal to the Government of the United States throughout said war, the court shall not have jurisdiction of such cause, and the same shall, without further proceedings, be dismissed.”
It will be perceived by the latter clause of said section that the court must pass on the question of the loyalty of “ the per *465 son who furnished such supplies or stores or from whom the same was taken” as a preliminary inquiry, and if the decision of that issue is adverse to the claimant, the court shall dismiss the proceedings.
This case was prosecuted before the Southern Claims Commission, and that Commission rejected it for the following reasons : “ The evidence which he produces is insufficient to establish his loyalty to our satisfaction, and we therefore reject the claim.”
Since the reference of the claim to this court additional proof has been taken on the question of loyalty, and on the 28th day of May, 1888, upon the original and additional testimony and arguments of counsel for the Government and for the claimant, the court sustained the finding of the Commission, and .dismissed the case for want of “ further jurisdiction.”
On the 31st day of July, 1888, the counsel for the claimant made a motion for a new trial, stating, “ this motion is based on an error of fact and affidavits hereto attached.” It is somewhat difficult to determine the exact ground of the motion from the manner in which it is stated; but it may be assumed that the petitioner intends to predicate the right to a new trial, first, on the error committed by the court on the evidence already in the cause, and, secondly, on the production of new evidence.
We will examine the right of the claimant on the first ground, £l' an error of fact.”
The force of this postion is, that the court erred in holding thatthe claimant was disloyal on the testimony taken before the Southern Claims Commission and the testimony taken since the reference to this court. In the prosecution of the case in this jurisdiction the claimant labors under the disability of the deeendent having been held disloyal by the Southern Claims Commission, and the fact that at the time when it is alleged the supplies were taken for the use of the Army of the United States he resided in disloyal territory. (15 Stat. L., p. 75, §3.)
The decision of the Southern Claims Commission . upon the finding of loyalty is to stand, unless the proof taken since the reference is sufficient to overcome the legal force of that finding. The fact that the decedent resided in a district of country at the time the supplies were taken which had been in the insurrectionary control of the so-called Confederate government, raises the presumption that he was disloyal to the United *466 States, and throws upon Ms administrator tbe burden of showing his loyalty. The finding of the Southern Claims Commission must be taken as binding on the rights of the parties upon the question of loyalty until it is established by competent and sufficient testimony taken since the finding of the Commission that the party was loyal to the Government. It is not that the Commission may have decided erroneously, or that the decision might on the proof have been the other way; but the additional testimony must be such that the court is led to the conclusion that it would have determined the mind of the Commission in favor of the loyalty of the party.
We have re-examined the testimony, and upon such re-examination we are not persuaded that the judgment of the court was erroneous upon the testimony submitted on the trial of the question of loyalty. We now come to the second branch of the motion, “on affidavits hereto attached.” By an examination of the papers submitted on this branch of the motion we find a communication addressedtot.be counsel for the claimant, in which it was sought to excuse whatever seeming negligence there might have been in not producing all, and the best, evidence on the former trial. This is the first time that this court has been called upon to meet the question of a new trial m a case like this because of newly-discovered evidence. As is said, “ motions of this kind are to be received with great caution, because there are few cases tried in which something new may not be hunted up; and because it tends very much to the introduction of perjury to admit new evidence after the party who has lost the verdict has had an opportunity of discovering the point both of his adversary’s strength and his own weakness.” (Hillard on New Trials, 493.)
“ It is infinitely better that a single person should suffer mischief than that every mail should have it in his power, by keeping back a part of his evidence and then swearing it was mislaid, to destroy verdict and introduce new trials at his pleasure. (Id., 493.)”
In order to prevail in a motion for a new trial upon the ground of “newly-discovereu evidence” the party must show to the satisfaction of the court, a ■ a preliminary requisite, that in the former trial the immaturity of the evidence was not the result of any negligence on his part, and that in good faith he supposed the case was not susceptible of further proof.
*467 “ The applicant must make a strong case, both in the respect of diligence in preparing for the trial and the truth and materiality of the new evidence and by the best evidence that can be obtained. (Arnold v. Skaggs, 35 Cal., 684.)
In this case no affidavit is filed showing any reason why the testimony was not produced at the former hearing, and if we should treat the communication on file as an affidavit, it would result in showing that the claimant was guilty of great negligence in not producing at the former hearing the testimony embraced in this motion.
It is not shown that the testimony is “ newly-discovered evidence.” For aught we know, the parties having control and direction of the cause knew from the beginning of the existence of the evidence. It is now attempted to explain a fact which was found by the Southern Claims Commission, and which, unex-. plained, is fatal to the cause from the beginning.
Section 1087 of the Revised Statutes provides ;
“ When-judgment is rendered against any claimant thft court' may grant a new trial for any reason which, by the rules of common law or chancery in suits between individuals, would furnish sufficient ground for granting a new trial.”
This section of the statute has been construed and applied in many eases (2 C. Cls. R., 383, 451; 5 C. Cls. R., 683; 6 C. Cls. R., 44, 226, 227, 328 ; 7 C. Cls. R., 268; 8 C. Cls. R., 118; 9 C. Cls. R., 133; 10 C. Cls. R., 217, 305).
A motion for a new trial on the ground of newly-discovered evidence will not be granted where t( due diligence would have • discovered the evidence before the first trial.” (2 C. Cls. R., 383.)
In the trial of cases for stores and supplies under the Bowman Act the rules of evidence and the practice of common-law courts must be enforced and recognized.
In the application of the statute the court has adopted rules on the subject of new trials conforming in substance to the common-law requisites of a new trial, all of which are contravened by the form of the application in this case. (Rules, p. 22.)
A departure from the strict rules of the common law on the subject of new trials upon the ground of ee newly-discovered evidence ” might lead to serious abuses against the rights of the Government in cases like the one at bar. If parties were *468 permitted to take their chances in the- submission of a case and then be allowed to introduce further evidence in ease of failure upon a question of loyalty, a door would be opened through which many frauds might enter, to the great prejudice of the right of the defendant.
In the judicial power granted to this court under the Bowman Act the judgment of the court is not decisive upon the liability of the Government. That question is to be decided by Congress; but the court is authorized and empowered to find the facts, and in finding the facts the law of evidence is necessarily to be determined by the court. In arriving at a conclusion of fact the court applies the common-law rules of evidence.
We are not disposed to disturb the finding of the court upon the first ground of the application, to wit, u an error of fact;’7 and as there is a total want of compliance with the law and the rules of the court on the subject of new trials upon the ground of “ ifewly-diseovered evidence,” the motion is overruled.