**Witold A. BADOWSKI**

v.

**UNITED STATES.**

No. 497–53.

United States Court of Claims.
July 16, 1958.

Albert R. Teare, Cleveland, Ohio, for plaintiff.

Asst. Atty. Gen. George Cochran Doub, for defendant. G. M. Paddack, Washington, D. C., was on the briefs.

WHITAKER, Judge.

This patent suit is now before the court on defendant's third motion for a new trial. This motion was filed on February 10, 1958, nearly two years after the court's opinion delivered on May 1, 1956, 135 Ct.Cl. 93, 140 F.Supp. 544, 545. In this opinion we held that certain claims of plaintiff's patent, entitled "Automatic Means for Opening Parachutes," had not been anticipated by the prior art and were valid, and had been infringed by defendant's F–1 parachute release device. After publication of this opinion, defendant filed a motion for a new trial, which we overruled on October 9, 1957. Then on October 17, 1957, defendant filed another motion for a new trial, which we overruled on December 4, 1957. Now, nearly two years after the original opinion in this case, defendant files its third motion for a new trial.

We think it appropriate to say at the outset that no private party would have the privilege of filing a motion for a new trial at this late date. In Helene Curtis Industries, Inc., v. Sales Affiliates, Inc., 233 F.2d 148, at page 167, the Court of Appeals for the Second Circuit, said:

"* * * when a defendant, charged with infringement, is preparing his defense he must make his search for anticipatory patents in season to present them at trial. To relieve either the inventor or the infringer of these requirements would vastly add to the already great uncertainty as to the validity of outstanding patents: it would open the door to patent litigation on an interminable piecemeal basis. The same results will follow if after trial an infringer whose defense of invalidity has been overruled is given opportunity to reopen the case for the presentation of after discovered anticipation * * *."

Only the United States has the right to file a motion for a new trial so long after the decision it seeks to upset. This right is given it by 28 U.S.C. § 2515(b), which reads:

"Such court, at any time while any suit is pending before it, or after proceedings for review have been instituted, or within two years after the final disposition of the suit, may grant the United States a new trial and stay the payment of any judgment upon satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done the United States."

At an early date this court held in the case of Child, Pratt & Fox's case, (Child, Pratt & Fox v. United States) 6 Ct.Cl. 44, 52, that the Act on which this Code section is based was designed "to protect the Government against unconscionable advantages gained over it, without laches or mistake on the part of its officers; not to give it unconscionable advantages over claimants through such laches or mistake."

Later, the court, in an opinion delivered by Judge Nott, Gorham v. United States, 29 Ct.Cl. 97, 107, stated:

"  *   *   *   But it is at the same time manifest that, where a case has been carefully prepared by a law officer of the Government and elaborately argued and carefully considered, the judgment which results should not be lightly set aside, and only where the fraud, wrong, or injustice complained of is established beyond reasonable doubt."

This case went to the Supreme Court, but the Supreme Court did not consider this particular statement. However, the Court did say of Judge Nott's opinion on the merits (165 U.S. 316, 320, 17 S.Ct. 382, 384, 41 L.Ed. 729):

"When this case was before the court of claims it received the very careful attention of that court, and scarcely anything can be added to its well-considered opinion, delivered by Judge Nott in directing judgment against the United States and dismissing the petition against the Comanche and Kiowa Indians."

█ Whether or not the Court was correct in saying that the "fraud, wrong, or injustice" must be established "beyond reasonable doubt," nevertheless, we think that the fraud, wrong or injustice should certainly appear beyond controversy; it should be shown by clear, unequivocal and convincing proof. Certainly the burden is on the defendant to show this. Bush v. United States, 55 Ct.Cl. 485.

We do not think the defendant has done this. It relies, first, on the so-called "Fahrney device"; and, second, on an alleged prior publication of the government of the United Soviet Socialist Republics.

*The Fahrney device.* In the first place, it should be said of this device that defendant relied upon it in one of its motions for a new trial, which we overruled, without opinion. Now defendant still relies on it, but gives us more information about it, information that it should have had when it filed its former motion for a new trial.

The Fahrney device was tested, but it was never adopted for general use, nor put to any use beyond the testing stage. At any rate, any drawings that had been made of the device have been lost. Admiral Fahrney did not know where they were and could not supply them, and he now supplies on this motion for a new trial, not a drawing and a full description of the device, but only drawings of certain component parts of it. These apparently he has been able to resurrect after much search. The device was never put to general use, and apparently was known only to a few officers and employees. It is apparent that the Fahrney device was at best an abandoned experiment.

█ A prior device does not anticipate a patent, unless the prior device is operable, that is to say, unless in actual practice it operates successfully. This is so, even though the claims of the patent may be broad enough to read on the prior device. In Coffin v. Ogden, 18 Wall. 120, 124, 85 U.S. 120, 124 L.Ed. 821, the Supreme Court said:

"The whole act is to be taken together and construed in the light of the context. The meaning of these sections must be sought in the import of their language, and in the object and policy of the legislature in enacting them   The invention or discovery relied upon as a defence, must have been complete, and capable of producing the result sought to be accomplished; and this must be shown by the defendant. The bur-

den of proof rests upon him, and every reasonable doubt should be resolved against him. If the thing were embryotic or inchoate; if it rested in speculation or experiment; if the process pursued for its development had failed to reach the point of consummation, it cannot avail to defeat a patent founded upon a discovery or invention which was completed, while in the other case there was only progress, however near that progress may have approximated to the end in view. The law requires not conjecture, but certainty. If the question relate to a machine, the conception must have been clothed in substantial forms which demonstrate at once its practical efficacy and utility. * * * "

See, also, Stearns v. Tinker & Rasor, 9 Cir., 220 F.2d 49. Put to this test, we must conclude that the Fahrney device did not anticipate plaintiff's patent. The fact that it was abandoned, never patented, and the drawings of it lost, indicates that it never operated successfully.

Certainly, when the defendant was searching for satisfactory means for automatically opening a parachute at a preselected height, it did not resort to the Fahrney device, but, instead, advised Badowski, who submitted his device to it, that his method of operation "appears to be feasible and the principle sound," and it said it would be glad to test it out, and, as we said in our former opinion, the device which the Government did adopt contained the same combination of means defined by the Badowski claims.

■ The invention covered by a patent is defined in the language of the patent claims. The only purpose of a patent specification is to teach others one or more ways of practicing the invention. Kuhne Identification Systems, Inc., v. United States, 82 Ct.Cl. 237, 258. The scope of the claims is controlling, not the figures in the drawing shown in the specifications. S. H. Kress & Co. v. Aghnides, 4 Cir., 246 F.2d 718, 723. De-

fendant's third motion for a new trial does not attempt to show that the language of the three patent claims here in suit applies to the Fahrney device.

In our former opinion we discussed in some detail the Galli patent. We distinguished it from the Badowski patent in one, among other respects, in that it depended upon an electric circuit for its operation. Fahrney also used an electric circuit for the operation of his device. The embodiment of the Badowski invention illustrated in the specifications used a mechanical device. While it may be true that the claims of the patent in suit may have been broad enough to cover an electrically operated device, it is significant that the device adopted by the defendant did not use an electrically operated mechanism as Galli and Fahrney had done, but a wholly mechanical type of release, as Badowski had disclosed in his specifications.

For the same reason that we said in our former opinion that the Badowski patent was not anticipated by the Galli patent, the Fahrney device, in our opinion, did not anticipate the Badowski patent, even if the Fahrney device had been fully disclosed.

■■ Considering next the Russian devices, it is clear that knowledge or use of a device in a foreign country, such as Russia, without such knowledge or use in this country, is not a statutory bar to the patent in suit. But defendant urges that the Russian document is a *prior publication*. The statutory language, "printed publication," implies that numerous copies were printed and were made *accessible* to the general public. The copy of the Russian document presented by the defendant was obtained in 1958 only after months of diplomatic endeavor by defendant's embassy in Moscow. There is no evidence that the Russian document was accessible to the public in any country prior to March 19, 1942, the filing date of plaintiff's patent. Defendant has been unable to produce a copy of this particular document from any public or private library in this or any other coun-

try, not even from the Library of Congress.

Defendant does produce a copy of a subsequent issue of the journal called "Herald of the Air Force Fleet," in which the cited publication is said to have appeared, which was received by the New York Public Library in 1939. Because the New York Public Library received this subsequent issue of this publication, defendant asks us to infer that it must have received No. 5, which, it is said, contained the cited publication. We can make no such assumption, in view of the fact that after diligent search defendant has been unable to find anywhere, except in the files of the Russian Government, a copy of issue No. 5, in which the devices which are said to anticipate the Badowski patent were described. Defendant was unable to secure a copy of this publication until 1958, and this only after having resorted to diplomatic channels.

To say that such a document is a publication which anticipates a patent issued in this country seems to us to be bordering on the ridiculous. Of course the theory of anticipation by such a publication is that it was available to the public and, hence, must be assumed to have been known to the patentee, from which it would follow that the patentee's invention was not new and added nothing to the public knowledge. It seems to us absurd to say this of this Russian document.

It has been recently held that microfilms of old German patent applications are not printed publications even when the films are deposited in our Library of Congress. Chief Judge Johnson, of the Court of Customs and Patent Appeals, held that printing alone would be insufficient to reasonably assure that the public would have access to the work, for the possibility always exists that the printed matter might be suppressed and might never reach the public. In re Tenney, Frank, and Knox, 254 F.2d 619, 624. The opinion in the Tenney case, supra, states:

"* * * The essence of all we have quoted is that, in consideration for the patent grant, something must be given to the public which it did not have before (albeit that the enjoyment of this 'something' may be postponed for 17 years). If the public is already possessed of that 'something', or *if it is accessible to the public,* there is a failure of consideration and no patent may be granted * * *."

He held that the microfilms were not accessible to the public.

In the present case, where defendant relies on a foreign government document, the burden of proving that the document was an accessible publication is on defendant. Defendant has not carried this burden.

It might also be said that the devices described in the document finally secured by defendant through diplomatic channels, also used an electric circuit, as well as compressed air, a variometer-operated brake, etc. It would appear to be no closer to the Badowski invention than other prior art structures already considered in our previous opinion.

We think the defendant has failed to show that any fraud, wrong or injustice has been done the United States and, accordingly, its third motion for a new trial is overruled.

It is so ordered.

JONES, Chief Judge, and LARAMORE and LITTLETON, Judges, concur.

MADDEN, Judge, dissents. See dissenting opinion at 140 F.Supp. 544, 135 Ct.Cl. 93, 104.