884 F.2d 1399
 12 U.S.P.Q.2d 1146
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary G. KLEIN, Plaintiff-Appellant,
v.
CANNONDALE CORPORATION, Defendant-Appellee.
 No. 89-1216.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1989.
Rehearing Denied Sept. 19, 1989.
Suggestion for Rehearing In Banc Declined Nov. 6, 1989.
 
 Before BISSELL, MAYER and MICHEL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 
 1
 Gary G. Klein appeals from the decision of the United States District Court for the District of Connecticut, see Klein v. Cannondale Corp., Civil No. B-85-653 (WWE) (August 26, 1988), granting Cannondale Corporation's summary judgment motion. We affirm-in-part, and vacate-in-part.
 
 BACKGROUND
 
 2
 Aluminum bicycle frames were originally thought to be far too springy, wasteful of the rider's energy, difficult to assemble, prone to fatigue and likely to be no lighter than steel frames. Klein's United States Patent No. 4,500,103 ('103) discloses a lightweight, large diameter aluminum tubing, racing bicycle frame that attempts to address these problems.
 
 
 3
 Rigid bicycle frames are desirable because they have the advantage of increasing the rider's power transmission efficiency. The '103 patent specification describes in detail two rigidity testing procedures--a torsional rigidity test (the Bottom Bracket Torsion Test) and a lateral bending rigidity test (the Lateral Bending Stiffness Test)--for measuring the relative rigidity of bicycle frames. Claims 1, 2 and 7 of the '103 patent require a torsional rigidity of at least 67 pounds (force) feet per degree of deflection and a lateral bending rigidity of at least 120 pounds (force) per inch of measure deflection.
 
 
 4
 In 1985, Klein filed suit against Cannondale for alleged infringement of the above claims. After extensive discovery, Cannondale moved for summary judgment alleging that claims 1, 2 and 7 were invalid under 35 U.S.C. Secs. 102(a), (b) and (g) (1982), based upon the prior knowledge, prior public use, and prior invention of an aluminum bicycle frame built by a third party, William B. Shook. In the early seventies, Shook designed and constructed a bicycle frame very similar to the frame claimed in the '103 patent. Shook rode his homemade bicycle frame in several races, never tried to conceal it, and, on numerous occasions, described the bicycle and its characteristics to the public.
 
 
 5
 Cannondale's motion for summary judgment was based primarily on the declarations of Shook, who at Cannondale's request, built an apparatus to test the torsional rigidity and lateral bending rigidity of his homemade frame. Shook avers that these tests conformed to the testing procedures specified in the '103 patent. According to Shook, the Bottom Bracket Torsion Test, as performed on the Shook frame, resulted in a torsional rigidity of 95 pounds (force) feet per degree of deflection, exceeding the 67 pounds (force) feet per degree of deflection required by the claims. The Bending Stiffness Test resulted in a lateral bending stiffness of 150 pounds (force) per inch of deflection, exceeding the 120 pounds force per inch of deflection required by the same claims.
 
 
 6
 Based on Shook's bicycle frame, the district court granted Cannondale's summary judgment motion and held claims 1, 2 and 7 of the '103 patent invalid under sections 102(a), (b) and (g). On its own initiative, the court also held the same claims invalid under 35 U.S.C. Sec. 103 (1982 & Supp. V 1987). Klein was denied reconsideration pursuant to Federal Rule of Civil Procedure 59(e). This appeal followed.
 
 OPINION
 
 7
 * A. Material Facts
 
 
 8
 Summary judgment is appropriate only "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Hi-Life Prods., Inc. v. American Nat'l Water-Mattress Corp., 842 F.2d 323, 325, 6 USPQ2d 1132, 1133 (Fed.Cir.1988). In deciding the motion, " '[t]he district court must view the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in its favor and must resolve all doubt over factual issues in favor of the party opposing summary judgment.' " Id. (quoting SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1116, 227 USPQ 577, 581 (Fed.Cir.1985) (in banc)).
 
 
 9
 Klein argues that the district court improperly determined disputed material facts with respect to the testing of the Shook frame, and that, if properly tested, the Shook frame would not have the rigidity values specified in the claims at issue. According to Klein, Shook's testing procedure is replete with systematic and flagrant errors resulting in rigidity values considerably higher than the actual rigidities of the tested frame. In particular, Klein points out that, contrary to the expressed teachings of the '103 patent, several extraneous parts were left on the Shook frame during testing. See '103 patent, column 2, lines 38-41.
 
 The district court addressed this issue:
 
 10
 Troublesome is the fact that Shook failed to remove several small pieces of equipment from his frame before conducting his final test. The patent specifies that "during the measurements the frame had no additional equipment mounted on it nor is it restrained in any other way." However, [Klein] has failed to explain why Shook's inability to remove minor attachments nullifies tests which indicate that the Shook frame substantially exceeds [the minimum forces claimed]. Moreover, although Shook disclosed the features of his own frame, [Klein] apparently has not taken the opportunity to test either the actual Shook frame or a reasonable facsimile. Reviewed carefully, [Klein's] affidavits question, but do not truly contradict, Shook's results.
 
 
 11
 Klein, Civil No. B-85-653 (WWE), slip op. at 14-15.
 
 
 12
 We agree. Klein's arguments are misfocused. "Rather than arguing that there is a genuine issue of fact, in substance its arguments are that [Cannondale] was not entitled to judgment on the basis of the facts established by the record evidence." See Avia Group Int'l, Inc. v. L.A. Gear Ca., Inc., 853 F.2d 1557, 1563, 7 USPQ2d 1548, 1553 (Fed.Cir.1988). Klein has failed to create a colorable issue of material fact with regard to Shook's test results. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (stating that to avoid summary judgment the nonmoving party must produce sufficient evidence for a jury to return a verdict in its favor). Shook's test results establish numerical values far in excess of the minimum rigidity values required by the claims. After Klein's initial objections about Shook's testing procedure, Shook retested his frame with most of the extraneous parts removed, leaving on the frame only those parts permanently rusted to it. The retesting did not produce vastly different results. Id. Furthermore, Klein failed to take advantage of an opportunity to test Shook's frame and rebut Shook's test results. Instead, Klein offered theoretical calculations and conclusory allegations about Shook's testing procedure. That evidence was insufficient to raise a genuine factual issue. From the evidence before it, the district court correctly concluded that, as a matter of law, the Shook frame meets or exceeds the rigidity limitations of the claims at issue.
 
 B. Claim 2
 
 13
 Klein also asserts that, even if claims 1 and 7 read on Shook's frame, claim 2 does not read on the frame, because certain claim 2 numerical limitations have not been met. We agree.
 
 
 14
 To be an anticipating reference under section 102, Shook's frame must meet identically every limitation of the claim at issue. Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 677, 7 USPQ2d 1315, 1317 (Fed.Cir.1988). Cannondale must show by clear and convincing evidence that each claim is anticipated. Id.
 
 
 15
 In its opinion, the district court found that the top tube, down tube, seat tube, seat stays and chain stays of the Shook frame all have a "midsection thickness of .035 inches." Klein, Civil No. B-85-653 (WWE), slip op. at 10. By contrast, claim 2 requires tube wall thicknesses of about .051 inches, .059 inches, .059 inches, .035 inches and .109 inches respectively. According to Klein, the dimensions of claim 2 are of critical importance because the combination of these wall thicknesses with the other recited characteristics make the Klein frame unique.
 
 
 16
 Cannondale has failed to show by clear and convincing evidence that claim 2 reads on the tubes used in the Shook frame.* Indeed, Cannondale concedes that the chainstay tubes of the Shook frame do not have wall thicknesses that meet the limitations of claim 2. On this record, Cannondale as a matter of law is not entitled to a judgment of invalidity of claim 2.
 
 II. Obviousness
 
 17
 Cannondale's motion for summary judgment curiously advanced only section 102, and not section 103, as the basis for invalidating Klein's claims. The issue of obviousness was not briefed by the parties and no evidence related to obviousness, such as commercial success, long-felt need, and copying was presented. Yet the district court, sua sponte, invalidated the claims at issue under section 103. Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (stating that "district courts ... may enter summary judgments sua sponte, so long as the losing party [is] on notice ... to come forward with all [of its] evidence"). The district court's failure to consider evidence of secondary considerations is reversible error. See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 306, 227 USPQ 657, 675 (Fed.Cir.1985), cert. denied, 475 U.S. 1017 (1986).
 
 CONCLUSION
 
 18
 After carefully reviewing both parties' section 102 arguments, the district court's invalidation of claims 1 and 7 is affirmed. That portion of the judgment invalidating claim 2 is vacated.
 
 COSTS
 
 19
 Parties are to bear their own costs.
 
 
 
 *
 Cannondale argues that the minor differences between claim 2 and the Shook bicycle frame are "non-patentable distinctions," citing Connecticut Valley Enterprises, Inc. v. United States, 348 F.2d 949, 953, 146 USPQ 404, 407 (Ct.Cl.1965) and In re Smith, 714 F.2d 1127, 1137 n. 13, 218 USPQ 976, 985 n. 13 (Fed.Cir.1983). We need not reach this issue because Cannondale has failed to set forth evidence showing that the differences between claim 2 and Shook's frame would have been obvious. Cannondale provides only a conclusory statement that "[n]o reference other than the Shook frame is needed to show that it is in the public's possession to change the proportions or size of the elements."