77 F.3d 503
 37 U.S.P.Q.2d 1722
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KRANSCO MANUFACTURING, INC., Kransco and Mattel Power
Wheels, Inc., Plaintiffs/Cross-Appellants,
v.
HAYES SPECIALTIES CORPORATION, Defendant-Appellant.
 Nos. 95-1236, 95-1237.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Hayes Specialties Corporation ("Hayes") appeals the judgment of the United States District Court for the Eastern District of Michigan, No. 92-CV-10255-BC, awarding Kransco Manufacturing, Inc. and Mattel Power Wheels, Inc.[1] (collectively "Kransco") $68,946.00 as damages for infringement of U.S. Trademark Registration No. 1,326,095 (the '095 registration), $100.00 as damages for infringement of U.S. Patent No. 4,151,994 (the '994 patent), and $50,084.00 in attorney fees. Kransco cross-appeals the amount of damages awarded for trademark infringement. We reverse-in-part and affirm-in-part.
 
 DISCUSSION
 
 2
 A. Kransco sells a small game footbag used for kicking which is commonly known by its registered trade name "HACKY SACK." Kransco's footbag is also protected by the '095 registered mark covering the "sinuous seam" by which the two outer panels of the footbag are sewn together. The sinuous seam forms a wavy line in the cover of the footbag. Hayes sells a similar game footbag. Kransco sued Hayes for infringement of its '095 registered mark and also charged Hayes with infringement of its '994 patent for a game footbag. The footbag described in the '994 patent consists of two figure-eight shaped panels of leather-like material, sewn together and filled with plastic pellets. Claim 1 of the '994 patent, the only claim at issue in this case, specifies that the panels are drawn together by "securing means defining a continuous seam stitching" and that the footbag is filled with "fluid, particulate, pellets of polyethylene filler material."
 
 
 3
 After trial, the district court found that Kransco's '095 registration had acquired incontestible status pursuant to 15 U.S.C. § 1065. Finding a likelihood of confusion between Hayes' footbag and Kransco's product, the court held the '095 mark infringed. The court awarded profits under 15 U.S.C. § 1111 for the trademark infringement and because Hayes' infringement was willful, it trebled the damages. The court also found the '994 patent infringed under the doctrine of equivalents. Kransco failed, however, to offer any evidence regarding the value of a license for its patent apart from its trademark and the court therefore awarded nominal damages, which it also trebled. The court issued an injunction against further trademark and patent infringement and, finally, found the case exceptional and awarded attorney fees to Kransco.
 
 
 4
 B. In reviewing trademark infringement issues over which we do not have exclusive jurisdiction, we apply the law of the applicable Circuit, in this case the Sixth Circuit. Bandag, Inc. v. Al Bosler's Tire Stores, Inc., 750 F.2d 903, 909, 223 USPQ 982, 986 (Fed.Cir.1984). The Sixth Circuit decisions hold that the issue of likelihood of confusion, and therefore trademark infringement, is a question of fact and law. Wynn Oil Co. v. American Way Serv. Corp., 943 F.2d 595, 599, 19 USPQ2d 1815, 1819 (6th Cir.1991). The factors underlying a finding of likelihood of confusion are reviewed for clear error and the ultimate conclusion of whether there exists a likelihood of confusion is reviewed de novo. Id., 19 USPQ2d at 1819.
 
 
 5
 Hayes challenges the district court's finding of trademark infringement only on the basis of the sufficiency of Kransco's evidence in the face of the oral testimony of its witness, Mr. Hayes. The district court, however, considered this testimony and other evidence relating to the factors underlying likelihood of confusion and, based on all the evidence, found infringement. Hayes has not shown clear error in the district court's factual findings supporting likelihood of confusion nor that its ultimate conclusion is legally incorrect.
 
 
 6
 Hayes' principal argument on trademark infringement is that Kransco is estopped from claiming trademark status in the mark because the sinuous seam is disclosed as the part of the best mode for carrying out the invention of the '994 patent. Hayes argues that the incontestability status of the '095 registration gives Kransco a perpetual right to that best mode contrary to the "limited time" of protection given the patented invention under the patent laws.
 
 
 7
 In this case we discern no conflict between the '095 registration and the '994 patent. The '994 patent describes and claims a continuous seam; the '095 registration is for a sinuous seam. As the prosecution history makes clear, it is the continuousness of the seam that provides functional advantages such as durability, uniform pliancy, and responsiveness to kicking. The record contains no evidence showing that the sinuous seam disclosed in the patent diagram has any functional advantage or is anything other than ornamental. Indeed, the continuous seam of the '994 patent could be constructed in ways that do not involve sinuosity. Accordingly, we reject Hayes' estoppel argument.
 
 
 8
 C. Hayes also argues that it did not have notice under 15 U.S.C. § 1111 of the '095 registration until it received a cease and desist letter from Kransco in 1992. Asserting that it made no sales after that time, Hayes says damages cannot be awarded under Section 1111.
 
 
 9
 Section 1111 limits the remedies available for trademark infringement and describes the ways an owner may give notice of its mark, specifically "by displaying with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle, thus TM." If such notice is not given, Section 1111 commands that "in any suit for infringement under this chapter ... no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration."
 
 
 10
 Although noting that the registration symbol " TM" located on Kransco's footbags did a poor job of communicating the registration of both the mark for the sinuous seam and the mark HACKY SACK, the district court found the symbol " TM" was sufficiently "with the mark" within the meaning of Section 1111 to provide notice of the registered mark for the sinuous seam. Without deciding whether one registration symbol may be sufficient to give notice of two marks appearing on a single product, we are convinced that in this case the single registration symbol " TM" was not adequate to provide the notice required by Section 1111. Here, the mark is located in a circle of printing on one panel of Kransco's footbag which reads: "HACKY SACK TM Official Footbag." Although somewhat near the sinuous seam, the symbol is clearly identified with and at the end of the words HACKY SACK. There is nothing to identify the symbol " TM" with the sinuously stitched seams of the footbag. We cannot say the " TM" was located in such a way to provide notice, or that it otherwise indicated notice, of the registered sinuous seam mark.
 
 
 11
 The packaging of the Kransco HACKY SACK footbag contains the following notice:
 
 MADE IN TAIWAN/PACKAGED IN MEXICO
 CR 1991 KRANSCO, SAN FRANCISCO, CA 94111
 
 12
 TM HACKY SACK is a brand name and registered trademark of Kransco
 
 PAT. NO. 4151994 P/N 1002034
 
 13
 This notice expressly identifies HACKY SACK as the registered mark of Kransco. This notice is explicit and does not indicate that the registration symbol " TM" covers any other mark. Rather, the notice is very suggestive that HACKY SACK is the only registered mark. We do not believe that any of the markings on Kransco's footbag and packaging supports the trial court's conclusion that the registration symbol provided notice of the mark for the sinuous seam. Accordingly, we conclude that Hayes did not have statutory notice under Section 1111 of the '095 registered mark.
 
 
 14
 Having failed to provide the notice specified by Section 1111, Kransco may not recover profits or damages unless Hayes had actual notice of the '095 registration. 15 U.S.C. § 1111. Because Hayes ordered a large number of footbags upon its entry into the market, the court found that Hayes must have had reason to believe that there was an established market for footbags in the United States. From this the district court inferred that Hayes knew of the registered mark at the time the original order was placed or willfully avoided learning about it. The evidence establishes at most that Hayes was aware of the Kransco's HACKY SACK footbags before it placed its original order. Section 1111, however, requires that Hayes have "actual notice of the registration." The record is devoid of evidence that Hayes had any such notice of the '095 registration or Kransco's claims to protection of the sinuous seam before it received the cease and desist letter in 1992. Since Hayes did not have actual notice prior to 1992, profits and damages cannot be recovered prior to that time. The award of $68,946.00 in damages for trademark infringement is therefore vacated. Although Hayes asserts that it did not make any sales or deliveries after receiving the cease and desist letter, we remand the case so that the district court can determine the correctness of this assertion.
 
 
 15
 D. Hayes also challenges the district court's finding of infringement under the '994 patent. "Infringement, whether literal or under the doctrine of equivalents, is a question of fact," Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1520, 35 USPQ2d 1641, 1647 (Fed.Cir.1995), which in an appeal from a bench trial we review for clear error. Heisig v. United States, 719 F.2d 1153, 1158 (Fed.Cir.1983). "[A]pplication of the doctrine of equivalents rests on the substantiality of the differences between the claimed and accused products or processes, assessed according to an objective standard." Hilton Davis, 62 F.3d at 1518, 35 USPQ2d at 1645.
 
 
 16
 The district court found that the only limitation of claim 1 not literally found in the accused device was the "polyethylene pellets."[2] The court then went on to find that the plastic pellets in Hayes' footbags perform substantially the same function in substantially the same way to achieve the same result as "polyethylene pellets." Hayes does not attempt to show that its plastic pellets are substantially different from the claimed pellets. Rather, Hayes asserts that prosecution history estoppel prevents Kransco from claiming a range of equivalents that includes its pellets. Not all amendments, however, create an estoppel and the fact that an amendment was made does not necessarily preclude some range of equivalents. Hughes Aircraft Co. v. United States, 717 F.2d 1351, 1363, 219 USPQ2d 473, 481 (Fed.Cir.1983); Hi-Life Prods. Inc. v. American Nat. Water-Mattress Corp., 842 F.2d 323, 325-26, 6 USPQ2d 1132, 1134 (Fed.Cir.1988). Hayes has failed to show that the amendments it relies upon were necessary to overcome the prior art or that Kransco surrendered a range of equivalents encompassing Hayes' pellets. We find no error in the district court's finding of infringement of the '994 patent or its finding of wilfulness.
 
 
 17
 As to damages, the district court found that Kransco presented no evidence on the issue of damages for patent infringement and awarded nominal damages which it trebled to $100. Kransco does not challenge on appeal the amount of damages awarded for infringement of the '994 patent. Accordingly, we affirm the award of $100 for infringement of the '994 patent.
 
 
 18
 E. The district court found this case to be exceptional and awarded attorney fees to Kransco. Because we have vacated the award of damages for trademark infringement, we also vacate the attorney fee award to Kransco. On remand, the district court may reconsider whether and to what extent attorney fees should be awarded.
 
 CONCLUSION
 
 19
 For the reasons set forth above, we affirm the finding of trademark infringement but vacate the award of damages for trademark infringement, affirm the finding of patent infringement, willfulness and the award of damages for patent infringement, and vacate the award of attorney fees. The case is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Mattel Power Wheels, Inc. has since merged with Mattel, Inc
 
 
 [2]
 There is no merit in Hayes' challenge to the district court's findings that the panels of Hayes' footbags are "leather-like" and "abrasion resistant" and that the pellets are "fluid" as required by claim 1 of the '994 patent. Hayes asserts that the district court could not make these determinations without expert testimony. The court, however, was competent to examine the accused devices and, without more, to make these infringement findings. Moreover, Hayes has not shown that these findings are clearly erroneous